UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 2012-190 - WOB

SHEILA WELLS, as Executrix
of the Estate of
CHARLES WELLS, ET AL.                              PLAINTIFFS


VS.                         **OPINION AND ORDER**


HOWARD BERGER COMPANY, INC., ET AL.                DEFENDANTS


This matter is before the Court on Defendants' motion for summary judgment regarding pain and suffering (Doc. 179), Defendants' motion for summary judgment regarding punitive damages (Doc. 180), Defendants' motion *in limine* regarding the malfunction theory (Doc. 181), and Plaintiffs' motion for summary judgment (Doc. 182).

The Court held oral argument by telephone conference call on these motions on Monday, June 30, 2014. Dale Golden attended for the Plaintiffs, and Michael Casey and Guy Hughes attended for the Defendants. Official Court Reporter Joan Averdick recorded the proceedings.

Having conducted oral argument and reviewed the parties' briefs, the Court issues the following Opinion and Order.

## Analysis

### A. Pain and Suffering

Summary judgment for the Defendants on the issue of pain and suffering is improper. Plaintiffs have identified evidence in the record from which a jury could reasonably infer the decedent was conscious prior to his death and therefore experienced pain and

suffering. *See Vitale v. Henchey,* 24 S.W.3d 651, 659 (Ky. 2000); *Spaulding v. Tate,* No. 3:11-18-DCR, 2012 WL 3845411 (E.D. Ky. 2012).

Although Defendants did not move to strike the expert testimony of Plaintiffs' pain and suffering expert, Dr. Shraberg, or the lay testimony of fire chief, Jim Kanavy, or fire investigator, Kevin Dunn, Defendants contend the testimony is barred by Federal Rule of Evidence 702 and/or 701. The Court finds the testimony of Plaintiffs' expert, Dr. Shraberg, to be admissible under Federal Rule of Evidence 702, and the lay testimony of Kanavy and Dunn to be admissible under Federal Rule of Evidence 701. A jury may make its own reasonable inferences about the credibility and reliability of such testimony.

    **B.    Punitive Damages**

Summary judgment for the Defendants on the issue of punitive damages is appropriate. KRS 411.184 allows recovery for punitive damages if Plaintiffs prove Defendants acted toward the Plaintiffs with oppression, fraud or malice. Kentucky common law allows for recovery of punitive damages where gross negligence, defined as wanton or reckless disregard for the safety of other persons, is shown. *Williams v. Wilson*, 972 S.W.2d 260, 262-265 (Ky. 1998). Plaintiffs argue their evidence withstands summary judgment as to the latter standard.

However, Plaintiffs have failed to identify any record evidence of Defendants' gross negligence. Plaintiffs have not pointed to any record evidence of a pattern of fires caused by the subject space heater or Defendants' knowledge of other fires being caused by the

subject space heater. Therefore, summary judgment for Defendants on the issue of punitive damages is appropriate.

**C. Malfunction Theory**

In their motion *in limine*, Defendants argue Plaintiffs may not rely upon the "malfunction theory," or circumstantial evidence of a product defect, because Plaintiffs' electrical engineering expert, Beth Anderson, has opined that the cause of the defect of the space heater at issue was its crimp connector.

Kentucky law does not limit Plaintiffs to a single theory of recovery when they has multiple valid theories supported by the evidence, each of which could establish the Defendants' sole liability. Therefore, Anderson's testimony about the crimp connector and the *res ipsa loquitur* testimony of fire chief Kanavy do not conflict and are admissible. *See Siegel v. Dynamic Cooking Sys., Inc.,* 501 Fed. App'x 397 (6th Cir. 2012); *Kentucky Farm Bureau Mutual Ins. Co. v. Broan-NuTone, LLC,* No. 1:11cv-66-JHM, 2013 WL 5740107 (W.D. Ky. 2013).

**D. Plaintiffs' Motion for Summary Judgment**

Plaintiffs fail to meet their burden of proof on their summary judgment motion. When a plaintiff is the moving party for summary judgment, the burden is high:

> When the movant is a plaintiff he must ordinary do more than defeat the opposing party's affirmative defenses in order to obtain a final [rather than partial] judgment. Since, in addition to asserting an affirmative defense, the defendant will likely have denied the plaintiff's allegations, the plaintiff must also establish all of the essential elements of his claim.

*Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986) (internal quotations and citations omitted). There remain many disputed facts and issues of credibility for the jury to resolve. As such, Plaintiffs have not met their burden, and summary judgment is improper.

Therefore, the Court having heard oral argument, and the Court being sufficiently advised,

**IT IS ORDERED:**

(1) Defendants' motion for summary judgment regarding pain and suffering (Doc. 179) is **DENIED**;

(2) Defendants' motion for summary judgment regarding punitive damages (Doc. 180) is **GRANTED**;

(3) Defendants' motion *in limine* regarding the malfunction theory (Doc. 181) is **DENIED**;

(4) Plaintiffs' motion for summary judgment is **DENIED**; and

(5) The parties shall confer regarding availability for trial and submit proposed trial dates to the Court no later than **Friday, July 11.**

This 2nd day of July, 2014.



Signed By:
*William O. Bertelsman*  WOB
United States District Judge

TIC: 38 mins.